GEORGE L. MONTAGUE *vs.* WILLARD PHILLIPS, Executor.

In a suit in equity to redeem land from a mortgage, if the mortgagee in possession, on demand, renders an untrue account, the court may order him to pay the plaintiff's costs, under the Rev. Sts. *c.* 107, § 19.

BILL IN EQUITY, filed October 23d 1852, to redeem land from a mortgage to Sarah Nichols, the defendant's testatrix. The bill alleged that Nichols took possession of the mortgaged premises on the 25th of October 1849, and that the plaintiff demanded an account on the day of filing the bill. The answer alleged that an account was rendered when demanded on that day, and also previously, and annexed a copy thereof. The cause was referred to a master, who reported that the amounts alleged to have been received for rent and the amounts expended were correctly set forth in said account; but that a larger amount might have been received for rents and a smaller amount expended, if the mortgagee had used the diligence which the law imposes upon mortgagees; and accordingly charged the mortgagee with a much larger sum as rents, and disallowed a large part of the sums paid out. Exceptions were taken by the defendant to the master's report, and overruled.

At March term 1859 the plaintiff moved that the defendant should be decreed to pay the plaintiff his costs, and *Shaw,* C. J., so ordered. The defendant alleged exceptions.

*C. A. Welch,* for the defendant.

*B. F. Brooks,* for the plaintiff.

BIGELOW, C. J. Two classes of cases only are intended to be embraced in the provisions contained in the Rev. Sts. *c.* 107, § 19, relating to costs in suits brought for the redemption of mortgages. One is the case where the suit is brought without a previous tender, in which case the plaintiff, as a general rule, is to pay to the defendant his costs. This is a fixed and absolute rule, to be applied in all cases where the omission to make a tender before suit brought is not caused by any refusal, neglect or default of the defendant. All other suits brought for

the redemption of mortgages come within the second class, in which it is left to the discretion of the court to award costs to either party as equity may require. The phrase " all other cases," as used in the statute, is intended to embrace every case other than those in which the plaintiff is required to pay costs. This is the necessary construction, because the word " other " is a relative term, and can refer only to that class of cases which had been previously provided for in the preceding clause of the section. The exception in the statute, by which the plaintiff who brings his suit without a previous tender is exempted from paying costs in cases where a tender is prevented by the refusal or default of the defendant, does not create a separate class, but only takes such a case out of the first class and puts it within the second. Otherwise, in cases to which the exception applies, there would be no provision whatever for the payment of costs; the plaintiff would be exempt by express provision of the statute; and the defendant could not be liable, because the court would have no power in the exercise of their discretion to award costs against him. Clearly such was not the intention of the legislature. The manifest purpose of the statute was to require the plaintiff to pay costs when he compelled a mortgagee, who was guilty of no default or omission, to come into court and answer to a bill for the redemption of a mortgage, in case it was found there was anything due on the mortgage and no previous tender had been made. This was just and equitable. But all other cases, not coming within this class, were to stand on the same footing as to costs as other suits in equity, and were left to be determined by the court in the exercise of a sound discretion. Rev. Sts. c. 121, § 20. We can see nothing in the legislation on this subject, previous to the Revised Statutes, which in any degree militates with this construction.

*Exceptions overruled.*